UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY IM,

Plaintiff,

-v-

BAYVIEW LOAN SERVICING LLC, et al.,

Defendants.

16-CV-634 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Johnny Im brings this action against Defendants Bayview Loan Servicing LLC ("Bayview"), Harmon Law Offices PC, Federal Home Loan Mortgage Corporation as Trustee for Freddie Mac Multiclass Certificates Series 3370 ("Freddie Mac"), and Does 1 through 100, for relief relating to Im's mortgage and security interests therein.  (Dkt. No. 26 ("Compl.").) Defendants moved to dismiss Im's original complaint on April 20, 2016 (Dkt. No. 20); Im then filed an Amended Complaint on June 7, 2016 (Compl.), which Defendants again moved to dismiss (Dkt. No. 31).  Im now seeks leave to file a Second Amended Complaint.  (Dkt. No. 34.) For the reasons that follow, Im's motion to file a Second Amended Complaint is granted and Defendants' motions to dismiss are denied as moot.

I.      **Background**

In September 2007, Im purchased property in Lowell, Massachusetts, with a mortgage loan originated by Washington Mutual in the sum of $276,500.  (Compl. ¶ 10.)  Im claims that he did not receive proper notice of the sale or transfer of his loan from Washington Mutual to JPMorgan, Bayview, or Freddie Mac within thirty days, as required by Section 130(a) of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640.  (*Id.* ¶ 11.)  Im also alleges that the note and mortgage were not assigned or transferred to Defendants in accordance with the note and mortgage, the operative Pooling and Servicing Agreement ("PSA"), or applicable state law.  (*Id.*

¶ 20.)  Im further alleges that these and other defects render invalid Defendants' claimed security interest in the mortgage.  (*Id.* ¶ 21.)  Im also obtained a securitization audit from Certified Forensic Loan Officers (attached to the Amended Complaint as "Exhibit A"), which shows no recorded assignments for the mortgage.  (*Id.* ¶ 23.)  Im's operative amended complaint alleges five counts[1]: (1) for declaratory relief involving the status of the mortgage; (2) for constructive fraud relating to Defendants' alleged misrepresentation of their status vis-à-vis the mortgage; (3) for violation of the TILA; (4) for violations of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1641; and (5) for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(3).  (*Id.* ¶¶ 25-57.)

On July 8, 2016, Defendants moved to dismiss Im's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. No. 31.)  Im did not oppose the motion, but instead filed a letter motion for leave to file a second amended complaint, attaching his proposed second amended complaint.  (Dkt. No. 34.)  In the proposed second amended complaint, Im no longer asserts claims for declaratory relief or constructive fraud, and instead he adds a claim for violation of Massachusetts law, in addition to reasserting his claims under the TILA, the CCPA, and the FDCPA.  (*Id.*)  Defendants oppose Im's motion for leave to amend, arguing that any further amendment would be futile.  (Dkt. No. 35.)

## II.    Discussion

Under the Federal Rules of Civil Procedure, courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A district court has broad discretion in determining whether to grant leave to amend . . . ."  *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d

---

[1]    Im filed his initial complaint on January 28, 2016 (Dkt. No. 1), which Defendants moved to dismiss on April 20, 2016 (Dkt. No. 20).  In light of Plaintiff's filing of an amended complaint on June 7, 2016 (Dkt. No. 26), and Defendants' filing of a new motion to dismiss (Dkt. No. 31), Defendants' first motion to dismiss is denied as moot.

Cir. 2000).  A motion to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants argue that Im's request for leave to amend should be denied because such amendment would be futile, relying largely on the arguments made in their motion to dismiss. (Dkt. No. 35.)  However, Im did not oppose Defendants' motion to dismiss, instead seeking leave to file an amended complaint.  Moreover, Im has not filed any response to Defendants' letter opposing his letter motion seeking leave to amend.  Thus the Court does not have a full set of briefs upon which to decide either the issue of the futility of Im's amendment or the motion to dismiss as to the first amended complaint.

Adjudicating the futility of Im's proposed second amended complaint would effectively require consideration of Defendants' still unopposed motion to dismiss.  *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2010).  Thus, in light of the generous standard for granting leave to amend, Fed. R. Civ. P. 15(a)(2), the Court grants Im leave to file the second amended complaint and denies Defendants' motion to dismiss without prejudice to renewal or filing a new motion to dismiss the second amended complaint.

## III.   Conclusion

For the foregoing reasons, Plaintiff's letter motion for leave to amend is GRANTED. The Second Amended Complaint is hereby deemed the operative complaint.

Defendants shall answer or otherwise respond to the Second Amended Complaint by March 1, 2017.  Defendants' two motions to dismiss are hereby DENIED as moot without prejudice to renewal or refiling.

3

The Clerk of Court is directed to close the motions at Docket Number 20, Docket

Number 31, and Docket Number 34.

SO ORDERED.

Dated: January 24, 2017
       New York, New York

_____
               J. PAUL OETKEN
           United States District Judge